1   STEVEN T. JAFFE, ESQ.
    Nevada Bar No. 007035
2   sjaffe@lawhjc.com
    DANIEL C. TETREAULT, ESQ.
3   Nevada Bar No. 011473
    dtetreault@lawhjc.com
4
         **HALL JAFFE & CLAYTON, LLP**
5              7425 Peak Drive
         LAS VEGAS, NEVADA 89128-4338
6              (702) 316-4111
             FAX (702) 316-4114
7
    *Attorneys for Plaintiff*
8   *Douglas S. Gold*

9

10                  **UNITED STATES DISTRICT COURT**

11                      **DISTRICT OF NEVADA**

12   DOUGLAS S. GOLD, an individual,

13                                          CASE NO.   2:18-cv-01623-APG-NJK
              Plaintiff,
                                            **MOTION TO EXTEND TIME FOR SERVICE
14   vs.                                    OF COMPLAINT**

15   PAUL A. JEWISON, an individual; CAPO
     BEACH WATERCRAFT, LLC d/b/a CAPO
16   BEACH WATERCRAFT RENTALS;
     BOMBARDIER RECREATIONAL
17   PRODUCTS, A Canadian Corporation;
     DOES I-X; and ROE CORPORATIONS I-X,
18   inclusive,

19            Defendants.

20

21         Plaintiff Douglas S. Gold, by and through his counsel of record and pursuant to Federal Rule of Civil

22   Procedure 4, hereby moves this Court for the entry of an Order extending the time for service of the

23   complaint on Defendant BOMBARDIER RECREATIONAL PRODUCTS for a period of 180 days for the

24   reasons set forth more fully below.

25   / / /

26   / / /

27   / / /

28   / / /

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION AND FACTUAL BACKGROUND

This case arises from an out of a jet ski accident that occurred on August 28, 2016 in Dana Point, California. Plaintiff Douglas S. Gold (herein "Plaintiff" or "Gold") was operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. At or about that same date and time, Defendant Paul A. Jewison (herein "Defendant" or "Jewison") was also operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. Plaintiff alleges that Defendant operated his watercraft in an unsafe and unreasonable manner, so as to cause his watercraft to strike Plaintiff's watercraft with great force, causing Plaintiff to sustain significant and substantial damages.

On August 28, 2018, Plaintiff filed his Complaint in the United States Federal District Court for Nevada against Defendants PAUL A. JEWISON ("JEWISON"), CAPO BEACH WATERCRAFT, LLC d/b/a CAPO BEACH WATERCRAFT RENTALS ("CAPO BEACH"), and BOMBARDIER RECREATIONAL PRODUCTS ("BRP"). *See* Dkt. No. 1. Defendants JEWISON and CAPO BEACH were served on October 18, 2018, and October 29, 2018, respectively. *See* **Exhibits 1 and 2.** Upon information and belief, Defendant BRP is a Canadian corporation with its principal place of business in Valcourt, Quebec, Canada.

Although BRP is a Canadian corporation with its principle place of business in Quebec, Canada, it does have several offices/locations located in the United States, specifically, in Sturtevant, Wisconsin, El Paso, Texas, Plano, Texas, and Coral Springs, Florida. Plaintiff had a copy of the summons and complaint personally served upon each listed location on November 16, 2018 and November 19, 2018. As a result, Plaintiff has served BRP at each of these locations in compliance with FRCP 4 *See* **Exhibit 3–6**, respectively. In addition, Plaintiff has also begun the process of effectuating service of process upon BRP in Quebec in accordance with the provisions of the Hague Convention. *See* **Exhibit 7**, Request for Service Abroad of Judicial and Extrajudicial Documents. However, it is Plaintiff's understanding that the process of effectuating service of process through the Hague Convention will take between 4-5 months. As aa result, Plaintiff requests the time for service of process upon Defendant BRP in accordance with the Hague Convention be extended an additional 180 days.

///

## II.    LEGAL ARGUMENT

Federal Rules of Civil Procedure 4(m) states as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).**

Under FRCP 4(m), a plaintiff has two options to avoid dismissal for failure to comply with the service requirement. First, if a plaintiff establishes "good cause" for his or her failure to timely serve the defendant, then the district court must extend time for service. *See Bracey v. United States*, CIV. 99-391-ST, 2000 WL 137091, at *3 (D. Or. Feb. 3, 2000); *see also Petrucelli v. Bohringer & Ratzinger, GMBH*, 46 F3d 1298, 1305 (3rd Cir.1995). Second, even if plaintiff cannot establish "good cause," the court has discretion to either dismiss the action or extend time for service. *Id*.

The Advisory Committee Note from the 1993 Amendments to FRCP 4(m) states:

> The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.

As noted in FRCP 4(m), the 90 day requirement for service of process <u>does not apply</u> to service of a foreign defendant in a foreign country. Rather, service is governed by FRCP 4(f), and FRCP 4(h)(2).

FRCP(f) states:

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> > (1)    by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
> >
> > (2)    if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
> (A)    as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
> (B)    as the foreign authority directs in response to a letter rogatory or letter of request; or

3

1      ©     unless prohibited by the foreign country's law, by:

2          (I)     delivering a copy of the summons and of the complaint to the individual personally; or

3

4          (ii)     using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

5      (3)     by other means not prohibited by international agreement, as the court orders.

6  FRCP 4(h)(2) states:

7  Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other

8  unincorporated association that is subject to suit under a common name, must be served:

9

10  (2)     at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(I).

11  Here, Plaintiff has served BRP at four facilities based in the United States, thus ensuring that

12  BRP has actual notice of the lawsuit. *See* **Exhibits 3-6.** Moreover, Plaintiff has begun the process of

13  effectuating service through the Hague Convention, as recognized in FRCP(f)(1) as a valid means of

14  effectuating service on a foreign corporation. Plaintiff's request is both timely and complies with FRCP

15  4's requirements for service upon a foreign defendant. Therefore, Plaintiff requests the time for service

16  of process be extended 180 days (or six months) in order for Plaintiff to effectuate service of process

17  upon BRP through the provisions of the Hague Convention and FRCP 4(f).

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

1    **III.    CONCLUSION**

2        Based on the foregoing, Plaintiff respectfully requests this Court enter an Order allowing Plaintiff

3    an additional 180 days from November 26, 2018 in which to serve the summons and complaint on

4    Defendant BOMBARDIER RECREATIONAL PRODUCTS.

5        DATED this 26th day of November, 2018.

6                                            HALL JAFFE & CLAYTON, LLP

7
                                            By   /s/ Steven T. Jaffe
8                                                STEVEN T. JAFFE, ESQ.
                                                 Nevada Bar No. 007035
9                                                DANIEL C. TETREAULT, ESQ.
                                                 Nevada Bar No. 011473
10                                               7425 Peak Drive
                                                 Las Vegas, Nevada 89128
11                                               *Attorneys for Plaintiff*
                                                 *Douglas S. Gold*
12

13
                                  **ORDER**
14                                               IT IS SO ORDERED:

15

16    _____

17                                               UNITED STATES MAGISTRATE JUDGE

18
                                                 November 27, 2018
19                                               DATE

20

21

22

23

24

25

26

27

28