STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
sjaffe@lawhjc.com
DANIEL C. TETREAULT, ESQ.
Nevada Bar No. 011473
dtetreault@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 Peak Drive
LAS VEGAS, NEVADA 89128-4338
(702) 316-4111
FAX (702) 316-4114

*Attorneys for Plaintiff*
*Douglas S. Gold*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DOUGLAS S. GOLD, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL A. JEWISON, an individual; DOES I-X; and ROE CORPORATIONS I-X, inclusive, <br><br> Defendants. | CASE NO. 2:18-cv-01623-APG-NJK <br><br> **AMENDED STIPULATION AND ORDER FOR STAY OF DISCOVERY PENDING MEDIATION** |

Plaintiff DOUGLAS S. GOLD ("Plaintiff"), by and through his counsel of record, and Defendant PAUL A. JEWISON ("Defendant"), by and through his counsel of record, stipulate as follows:

1. This case arises from an out of a jet ski accident that occurred on August 28, 2016 in Dana Point, California. Plaintiff was operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. At or about that same date and time, Defendant was also operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. Plaintiff alleges that Defendant operated his watercraft in an unsafe and unreasonable manner, so as to cause his watercraft to strike Plaintiff's watercraft with great force, which Plaintiff alleges caused him significant and substantial damages.

/ / /

/ / /

2. This matter has been extensively litigated. Discovery completed to date include completed written discovery requests, depositions of both parties, as well as the Independent Medical Examination of Plaintiff.

3. To date, the parties have not engaged in any form of alternative dispute resolution or otherwise shared meaningful settlement discussions. However, both parties agree that the case has reached a juncture in which substantive settlement discussion may result in the complete resolution of the case. **To that end, the parties have agreed and scheduled private mediation with Gregory T. Hafen on September 4, 2019.** Although neither party can commit that a settlement will be reached, both parties attest that they will enter into and participate in the mediation in good faith and with sincere efforts to reach an agreement to resolve the case.

4. To save the parties from the need to invest resources in form of experts and other additional necessary discovery if the case does not settle, the parties stipulate to stay all proceedings in this case pending the completion of mediation in this case.

5. The applicable discovery deadlines are as follows:

| | |
|---|---|
| Amend pleadings/Add Parties: | June 13, 2019 |
| Initial Experts: | July 12, 2019 |
| Interim Status Report: | July 12, 2019 |
| Rebuttal Expert Designations: | August 13, 2019 |
| Discovery Cutoff: | September 11, 2019 |
| Dispositive Motions: | October 11, 2019 |
| Joint Pre-Trial Order: | November 12, 2019 |

(or 30 days after resolution of dispositive motions)

6. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." ***Landis v. N. Am. Co.***, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." ***Leyva v. Certified Grocers of Cal., Ltd.***, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the

following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. ***CMAX, Inc. v. Hall***, 300 F.2d 265, 268 (9th Cir. 1962). A district court's decision to grant or deny a Landis stay is a matter of discretion. See ***Dependable Highway Exp., Inc. v. Navigators Ins***. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).

7. The parties submit that an evaluation of the ***Landis*** factors weigh in favor of a stay. The most compelling factor weighing in favor of a stay is the good possibility that a settlement could be reached at mediation. Should such a settlement be reached, the case would be completely disposed of and dismissed. Additionally, issuing an order staying the case pending the outcome of mediation would save the parties from having to incur additional, potentially unnecessary litigation costs.

8. The parties stipulate that once the mediation occurs on September 4, 2019, they will file a joint status report within 14 days after the conclusion of the mediation to update the Court regarding the outcome of the settlement discussions. If the case resolves, the parties will promptly complete the necessary closing documents and file a Stipulation and Order for Dismissal. If the case does not settle, the parties will file a proposed Stipulation and Order with amended discovery deadlines.

**IT IS HEREBY STIPULATED:**

DATED this 8th day of July, 2019. | DATED this 8th day of July, 2019.

HALL JAFFE & CLAYTON, LLP | EMERSON LAW GROUP

*/s/ Steven T. Jaffe* | */s/ Phillip R. Emerson*
_____ | _____
STEVEN T. JAFFE, ESQ. | PHILLIP R. EMERSON, ESQ.
Nevada Bar No. 007035 | Nevada Bar No. 005940
DANIEL C. TETREAULT, ESQ. | 1055 Whitney Ranch Drive, Suite 120
Nevada Bar No. 0011473 | Henderson, Nevada 89014
7425 Peak Drive | *Attorneys for Defendant Paul A. Jewison*
Las Vegas, Nevada 89128
*Attorney for Plaintiff*

**ORDER**

In accordance with the stipulation of the parties, the Court orders as follows:

1. The current discovery deadlines will be stayed pending mediation between the parties on September 4, 2019;

2. No later than September 11, 2019, the parties must file either a notice of settlement or an amended joint proposed discovery plan and scheduling order regarding the deadlines that currently remain open.

IT IS SO ORDERED:

Dated: __July 9, 2019_____

_____
UNITED STATES MAGISTRATE JUDGE

4