**PHILLIP R. EMERSON, ESQ.**
Nevada Bar No. 5940
**EMERSON LAW GROUP**
1055 Whitney Ranch Drive, Suite 120
Henderson, Nevada 89014
receptionist@emersonlawgroup.com
Attorney for Defendant,
*PAUL A. JEWISON*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DOUGLAS S. GOLD, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> PAUL A. JEWISON, an individual; ) <br> DOES I - X; and ROE CORPORATIONS ) <br> I - X, inclusive, ) <br> ) <br> Defendants. ) <br> ─────────────────────────────── ) | Case No. 2:18-CV-01623-APG-NJK <br><br> **STIPULATION AND ORDER TO EXTEND STAY OF DISCOVERY PENDING MEDIATION** |

Defendant, *PAUL A. JEWISON,* by and through his counsel of record, and Plaintiff, *DOUGLAS S. GOLD*, by and through his counsel of record, stipulate as follows:

1. This case arises from a jet ski accident that occurred on August 28, 2016 in Dana Point, California. Plaintiff was operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. At or about that same date and time, Defendant was also operating a SeaDoo GTI watercraft, in or about the area of Dana Point, California. Plaintiff alleges that Defendant operated his watercraft in an unsafe and unreasonable manner, so as to cause his watercraft to strike Plaintiff's watercraft with great force, which Plaintiff alleges caused him significant and substantial damages.

1

2. This matter has been extensively litigated. Discovery completed to date include completed written discovery requests, depositions of both parties, as well as the Independent Medical Examination of Plaintiff.

3. To date, the parties have not engaged in any form of alternative dispute resolution or otherwise shared meaningful settlement discussions. However, both parties agree that the case has reached a juncture in which substantive settlement discussion may result in the complete resolution of the case. To that end, the parties previously agreed to and scheduled a private mediation with Gregory T. Hafen on September 4, 2019. Neither party committed that a settlement would be reached, but both parties attested that they would enter into and participate in the mediation in good faith and with sincere efforts to reach an agreement to resolve the case.

4. On August 26, 2019, Plaintiff served Plaintiff Douglas S. Gold's Second Supplemental Federal Rule of Civil Procedure 26(A) Disclosure Statement. This disclosure included nearly 300 pages of medical and billing records as well as an additional $87,185.63 in claimed damages.

5. Due to the significant nature of this supplemental disclosure nine days before the scheduled mediation, Defense counsel requested an additional thirty (30) days to review and evaluate the newly disclosed information before engaging in meaningful settlement negotiations based on the amount of Plaintiff's claimed damages therein.

2

6. The parties agreed to continue the September 4, 2019 mediation approximately 30 days.

7. **The parties have agreed to and scheduled an updated date for the private mediation with Gregory T. Hafen on October 2, 2019.** The parties cannot commit that a settlement would be reached, but attest that they will enter into and participate in the mediation in good faith and with sincere efforts to reach an agreement to resolve the case.

8. Defendant agrees and stipulates to have a live person with settlement authority on behalf of Defendant present at the above-mentioned mediation.

9. To save the parties from the need to invest resources in form of experts and other additional necessary discovery if the case does not settle, the parties stipulate to extend the stay all proceedings in this case pending the completion of mediation in this case.

10. The applicable discovery deadlines prior to the current stay of discovery are as follows:

Amend pleadings/Add Parties:   June 13, 2019

Initial Experts:               July 12, 2019

Interim Status Report:         July 12, 2019

Rebuttal Expert Designations:  August 13, 2019

Discovery Cutoff:              September 11, 2019

Dispositive Motions:           October 11, 2019

Joint Pre-Trial Order:         November 12, 2019

3

(or 30 days after resolution of dispositive motions)

11. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, a court may weigh the following: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). A district court's decision to grant or deny a Landis stay is a matter of discretion. See *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

12. The parties submit that an evaluation of the Landis factors weigh in favor of extending the stay. The most compelling factor weighing in favor of extending the stay is the good possibility that a settlement could be reached at mediation. Should such a

settlement be reached, the case would be completely disposed of and dismissed.

Additionally, issuing an order extending the stay pending the outcome of mediation would save the parties from having to incur additional, potentially unnecessary litigation costs.

13. The parties stipulate that once the mediation occurs on October 2, 2019, they will file a joint status report within 14 days after the conclusion of the mediation to update the Court regarding the outcome of the settlement discussions. If the case resolves, the parties will promptly complete the necessary closing documents and file a Stipulation and Order for Dismissal. If the case does not settle, the parties will file a proposed Stipulation and Order with amended discovery deadlines.

**IT IS HEREBY STIPULATED:**

| | |
|---|---|
| DATED this 3rd day of September, 2019. | DATED this 3rd day of September, 2019. |
| **EMERSON LAW GROUP** | **HALL JAFFE & CLAYTON** |
| /s/ Phillip R. Emerson | /s/ Steven T. Jaffe |
| _____ | _____ |
| PHILLIP R. EMERSON, ESQ.<br>Nevada Bar No. 5940<br>1055 Whitney Ranch Drive<br>Suite 120<br>Henderson, Nevada 89014 | STEVEN T. JAFFE, ESQ.<br>Nevada Bar No. 7035<br>7425 Peak Drive<br>Las Vegas, Nevada 89128 |

**ORDER**

In accordance with the stipulation of the parties, the Court orders as follows:

    1. The current stay of discovery deadlines will be extended pending mediation between the parties on October 2, 2019;

    2. No later than October 9, 2019, the parties must file either a notice of settlement or an amended joint proposed discovery plan and scheduling order regarding the deadlines that currently remain open.

IT IS SO ORDERED.

Dated: September 3, 2019

_____
UNITED STATES MAGISTRATE JUDGE